UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| RAYNARD McDOWELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-197-JBC |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC HOLDER, Jr.; HARLEY LAPPIN; | ) | **MEMORANDUM OPINION** |
| C. EICHENLAUB; and DEBORAH | ) | **AND ORDER** |
| HICKEY, | ) | |
| | | |
| Respondents. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Raynard McDowell, confined in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has moved for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of his federal sentence (R. 2); for a preliminary injunction directing FMC-Lexington officials to place him in a Residential Re-entry Center ("RRC") for a twelve-month term (R. 3)[1]; for an order temporarily restraining federal officials from taking certain actions (R. 3); for a prohibition against his transfer (R. 5); and for a declaratory judgement (R. 6). He has paid the $5.00 filing fee.

When screening this matter under 28 U.S.C. § 2243, the court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return."

---

[1] Prisoners near the end of their sentences are often placed in RRC's, previously known as Community Corrections Centers (CCC's) or "halfway houses" to live and work, under supervision, in order to facilitate their transition back into the community.

1

*Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted). For the reasons set forth below, the court will deny McDowell's Section 2241 petition for failure to exhaust administrative remedies and will deny his other requests for relief, and the court will dismiss this action without prejudice.

BACKGROUND

In 1995 McDowell was convicted of committing federal drug and money laundering offenses. *United States v. McDowell*, No. 94-CR-787-1 (N.D. Ala.). He is currently serving a 221-month sentence. The "Inmate Locator" feature of the Bureau of Prisons' ("BOP") website, www.bop.gov, indicates that McDowell's projected release date is November 11, 2011.

The Second Chance Act of 2007, 18 U.S.C. § 3624(c), requires BOP staff to review inmates for halfway house placement 17-19 months before their projected release dates and to individually consider inmates for such placement using the five factors listed in 18 U.S.C. § 3621(b). FMC-Lexington Staff timely considered McDowell for such placement and concluded that a 180-day RRC placement term, commencing on or about May 11, 2011, was appropriate. McDowell demands a 12-month RRC placement, commencing on November 11, 2010.

McDowell first sought an RRC placement in excess of 180 days. On April 30, 2010, Myron Blair, his FMC-Lexington Case Manager, issued a "Response to Inmate Correspondence," explaining that the Unit Team had applied the five criteria of the Second Chance Act to his case and had determined that his pre-release needs could be met by a 180-day RRC placement. Blair noted that McDowell had secured a residence and a job

2

upon his release, and had strong community support to assist his transition into the community.

McDowell appealed to Warden Hickey. On May 5, 2010, Hickey issued a "Request for Administrative Remedy," (Remedy # 588664-F1) in which she affirmed the Unit Team's recommendation and Blair's denial of McDowell's informal request for resolution. Hickey based her decision on the same factors which Blair cited.

In his § 2241 petition, McDowell challenges the BOP's decision to deny him placement in a RRC for more than six months. McDowell contends that under the Second Chance Act, he is entitled to a twelve-month term in an RRC, and that the BOP's refusal to provide it violates his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution.

McDowell alleges that FMC-Lexington staff and the BOP have refused to apply the five criteria set forth in 18 U.S.C. § 3621(b) to his specific facts and circumstances; that the staff has refused to submit to the Community Correctional Management ("CCM") Office the documentation necessary for him to be considered for a twelve-month RRC placement; and that the BOP has impermissibly created a sixth criterion, not authorized by 18 U.S.C. § 3621(b), which compels an inmate to demonstrate the existence of extraordinary circumstances in order to justify any RRC placement beyond six months.

Further, McDowell challenges the Second Chance Act itself, claiming that it violates the Notice and Comment provisions of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). He contends that internal BOP memoranda incorrectly instruct that a 180–day RRC usually meets an inmates' placement needs, and that the BOP Director *must* approve any placements exceeding that time period. McDowell requests a preliminary injunction

3

directing the FMC-Lexington to submit to the CCM a 12-month RRC referral for him, and a temporary restraining order prohibiting the Department of Justice from following any internal memoranda relative to the Second Chance Act.

In his motion for an order prohibiting his transfer, McDowell requests such a prohibition until this court rules on his § 2241 petition. In his motion for declaratory judgment, McDowell reiterates the RRC arguments in his § 2241 petition and motion for preliminary injunctive relief, urging the court to follow *Colton v. Ashcroft*, 299 F. Supp.2d 691 (E.D. Ky. 2004), where this court granted relief to a federal prisoner demanding immediate RRC placement under § 2241.

## DISCUSSION
## 1. Dismissal of § 2241 Petition
## For Failure to Exhaust Administrative Remedies

Although McDowell filed the proper BP-9 "Request for Administrative Remedy," (Remedy # 588664-F1) with Warden Hickey, he has submitted nothing to indicate that he pursued the next twoquired steps in the BOP's administrative remedy process. These steps consist of filing a BP-10 appeal with the BOP Regional Director within 20 days, and then, if dissatisfied with the Regional Director's response, filing within 30 days a BP-11 appeal with the Office of General Counsel. 28 C.F.R. § 542.15 (a)-(b).

Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54, (6th Cir. 1981). "Proper exhaustion often results in the creation of an administrative record that is helpful to the court." *Barney v. Correctional Medical Services, Inc.*, 08-CV-00694, 2009 WL 3711612,

4

*12 (W.D. Mich. Nov. 3, 2009).

Administrative exhaustion is required when a federal inmate demands a twelve-month RRC placement based upon the Second Chance Act. Inmates must administratively exhaust RRC placement claims. *See Sommerville v. Dewalt*, No. 09–00068-KKC, 2009 WL 1211158, at *3 (E.D. Ky., May 1, 2009); *Simmons v. Zuercher*, No. 09-00049-ART (E.D. Ky.), R. 7, p. 7; and *Johnson v. Hogsten*, No. 09-00082-GFVT (E.D. Ky.), R. 7, p.4.

Warden Hickey denied McDowell's formal grievance on May 17, 2010, and McDowell filed this action on June 15, 2010, less than a month later. Given this time sequence, it would have been impossible for McDowell to have completed the next two steps of the administrative remedy process before he filed this action. Because his § 2241 petition is premature, the court will dismiss it without prejudice to McDowell's completing the administrative remedy process.

McDowell could begin the administrative remedy process anew by filing another formal grievance with Warden Hickey. The entire BOP administrative remedy process takes approximately 90 days absent extensions. Because McDowell began the initial steps of the process in April of this year, he could have easily completed the entire exhaustion process prior to filing this habeas proceeding. Further, because McDowell does not seek RRC confinement until November 11, 2010, requiring completion of the administrative remedy process will not prejudice him.

**2. Motion for Preliminary Injunction/Temporary Restraining Order**

McDowell seeks a preliminary injunction directing FMC-Lexington staff to submit

a referral to the CCM recommending him for a 12-month RRC placement. Generally, the plaintiff bears the burden of establishing his entitlement to a preliminary injunction. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In addressing a motion for a preliminary injunction, a court should consider: (1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest will be advanced by issuing the injunction. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573. Usually, the failure to show a likelihood of success on the merits is fatal. *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

Under the first criterion, McDowell cannot establish a substantial likelihood of success on the merits of his Fifth Amendment claim. *See Summit County Democratic Cent. and Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). The Second Chance Act requires the BOP to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c). The Second Chance Act does not guarantee a one-year RRC placement, but only directs the BOP to *consider* placing an inmate in an RRC for up to the final twelve

months of his or her sentence. *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir.2009) (emphasis added); *Harris v. Hickey*, No. 10-CV-135-JMH, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010). "Although RRC placement is helpful for readjustment to society, a federal prisoner does not have a federal right to serve the final twelve months of his sentence in a RRC." *Goosby v. Shartle*, No. 10-CV-0806, 2010 WL 2545344, at *2 (N.D. Ohio June 17, 2010).

The decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons*, 73 Fed.Reg. 62,440, 62,441-42 (Oct. 21, 2008). These factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b).

McDowell has not shown a likelihood that the Unit Team failed to consider the proper criteria under § 3621(b) in recommending a 180-day RRC placement. Without more of an administrative record, the court cannot measure all criteria the Unit Team evaluated. McDowell fails to demonstrate the likelihood of success on the merits of his claims.

Additionally, there is little likelihood of success on the merits of McDowell's APA claim. Both Sections 3621 and 3624 are found in Chapter 229, Subchapter C of Title 18 U.S.C. 229, which expressly provides as follows:

> The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter.

18 U.S.C. § 3625.

The APA is codified at 5 U.S.C. § 706, one of the categories which Subchapter C excludes. The BOP's particularized decisions to place a prisoner in a particular setting are not subject to review as an abuse of discretion or as arbitrary and capricious under the APA. *Orr v. Hawk*, 156 F.3d 651, 655, n.1 (6th cir. 1998); *Pitts v. Zych*, No. 2:09cv12329, 2009 WL 1803208, at *1 (E.D. Mich. June 19, 2009). Because the BOP's placement decisions are excluded from review under the APA, McDowell's claim that the Second Chance Act violates the APA lacks merit.

McDowell also has not demonstrated that he will suffer irreparable injury without an injunction. He has attached a February 19, 2010, letter from Meyer Steel Drum, Inc., confirming McDowell's employment as a line laborer effective December, 2010. R. 3, p. 5. Although McDowell claims that he will lose irretrievable community readjustment time, and his job, if he does not receive a referral for a 12-month RRC term, the Meyer letter does not state that McDowell will lose his job if he is not available for employment in December of 2010. McDowell offers no other persuasive reason, other than his broad conclusory statements, why a 180-day RRC term would subject him to irreparable injury, which is the standard.

The public interest would not be served by granting the injunction. Indeed, such an injunction would constitute harm. "In the context of prison management . . . the status quo is to allow the BOP to manage its facilities and the prisoners incarcerated

8

there. A restraining order would disturb the status quo and encroach on the BOP's discretion." *Smith v. Sniezak*, No. 4:07-CV-0306, 2007 WL 642017, *2 (N.D. Ohio February 27, 2007). Accordingly, ordering the BOP to allow McDowell a 12-month RRC placement would contravene 18 U.S.C. § 3621(b) and would undermine the BOP's authority to manage its prisons.

In light of the foregoing discussion, the court will deny the motions for a preliminary injunction and a temporary restraining order.

### 3. Motion to Prohibit Transfer

McDowell relies on "Rule 23(a)" in arguing that the BOP should be prohibited from transferring him to another BOP facility while this action is pending. If McDowell is referring to Federal Rule of Civil Procedure 23, that rule offers no support because it applies to the certification and approval of class actions. This is not a class action.

Regardless, transfers and prison assignments are functions wholly within the discretion of the BOP. *Caderno v. Thoms*, 50 F. App'x 200, 201 (6th Cir. 2002) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). Accordingly, federal prisoners do not have a due process liberty interest in remaining free from discretionary transfers to less agreeable prisons, *Meachum v. Fano*, 427 U.S. 215, 225 (1976), or in being housed in a particular institution or a particular part of an institution. *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). For these reasons, the court will not enter an order prohibiting the BOP from transferring him.

### 4. Motion for Declaratory Judgment

McDowell's reliance on *Colton v. Ashcroft* is misplaced and does not support his

demand for a declaratory judgment. The facts in *Colton* were markedly different than the facts of McDowell's petition. BOP officials told Colton that he would receive a six-month term in a halfway house; then told him that he would receive a five-month halfway house placement term; and then told him that after the change in the BOP's prior, longstanding (but now rescinded) "10% Policy," his release to a halfway house would be delayed and shortened to only 3.8 months. *Id*. at 684-685.

This court determined that because the BOP had promised Colton either a six-or a five-month term in a halfway house, he had a plausible expectation of a longer term in a halfway house. *Id*. at 692-93. The court determined that administrative exhaustion would be futile and granted Colton's request for emergency injunctive relief, which allowed him to be released to a halfway house immediately.

Here, in contrast, there has been no arbitrary change in an imminent release date, based solely upon the BOP's sudden decision to change its policy regarding the time inmates would spend in the halfway house, as there had been in *Colton*. *Id*., at 689. Further, the BOP did not promise McDowell a specific RRC term, and he has neither a liberty interest in, nor a due process right to, an RRC term longer than what the BOP determines is necessary. *Colton* is limited to the specific facts of that case, which in no way resemble McDowell's facts.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     McDowell's 28 U.S.C. § 2241 petition for a writ of habeas corpus, R. 2, is **DENIED.**

10

(2)  McDowell's "Request for Preliminary Injunction and Temporary Restraining Order," R. 3, is **DENIED**.

(3)  McDowell's "Request for a 'Rule 23(a) Order" R. 5, is **DENIED**.

(4)  McDowell's "Request for Declaratory Judgment," R. 6, is **DENIED**.

(5)  This action is **DISMISSED WITHOUT PREJUDICE**.

(6)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

Signed on August 12, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY